## Case No. 12,002.

### In re ROGERS et. al.

[2 N. B. R. 397 (Quarto. 129); 1 Chi. Leg. News, 195.] [1]

District Court, S. D. New York. 1869.

BANKRUPTCY — EXECUTION OF MORTGAGE — SUSPENSION OF PAYMENT.

Where defendants, machinists, executed chattel mortgages of tools, goods, &c., to secure the payment of certain debts due creditors, and suspended payment shortly after, *held*, that an order adjudicating them bankrupts should issue.

[In the matter of Edmund P. Rogers and Miers Coryell, bankrupts.]

---

## Case No. 12,003.

### In re ROGERS.

[10 N. B. R. 444; [1] 1 Cent. Law J. 470.]

District Court, E. D. Kansas. 1874.

BANKRUPTCY—COMMENCEMENT OF PROCEEDINGS—PROOFS—ORDER TO SHOW CAUSE.

1. Section 38 of the bankrupt act [of 1867 (14 Stat. 535)], concerning the commencement of proceedings in bankruptcy, construed to mean the filing of a petition sustained by proofs of the act of bankruptcy and of the claim of the petitioning creditor.

2. No order to show cause can legally issue against the debtor until such proofs sustaining the petition are filed and a prima facie case made.

3. An order to show cause issued without such proofs is illegal and void, and does not constitute a commencement of proceedings in bankruptcy within the meaning of the act.

This is an application by A. B. Stoddart, a judgment creditor of the bankrupt, for an

---

[1] [Reprinted from 2 N. B. R. 397 (Quarto, 129), by permission. 1 Chi. Leg. News, 195, contains only a partial report.]

[1] [Reprinted from 10 N. B. R. 444, by permission.]

order that the assignee sell certain real estate of the bankrupt, and apply the proceeds to the payment of the petitioner's judgment, which was recovered on the 20th day of December, A. D. 1873, in the district court of Neosho county. The petitioner claims that his judgment was recovered before proceedings in bankruptcy were commenced, and is therefore a prior lien upon the real estate of the bankrupt. On the other hand, the assignee contends that the bankruptcy proceedings were commenced prior to the said judgment, and that the judgment is invalid and no lien on the real estate. There is no controversy as to the material facts in the case. On the 10th day of December, A. D. 1873, Wm. M. Fortescue filed a verified petition in bankruptcy against said Davis Rogers, and thereon the register in bankruptcy issued an order to show cause against said Davis Rogers, returnable on the 20th day of December, 1873. There were no depositions sustaining the alleged act of bankruptcy, or proof of the creditor's claim offered or filed by the petitioning creditor. The deputy-marshal received the order and petition to make service on the debtor, and instead of serving copies, he left the original order at the place of residence of said Rogers, and made no return of service, nor did he serve the debtor with the petition, or a copy thereof, and also failed to return the original petition. On the return day of the order, there being no papers in court, and no return of service, nothing further was done, and so the matter rested until the 7th day of January, A. D. 1874, when Fortescue filed another petition, and had an order to show cause issued and served on Rogers, with a copy of the petition, and on January 15th, that being the return day, said Rogers was adjudged a bankrupt.

John Hutchings, for petitioner.
Z. E. Britton, for assignee.

FOSTER, District Judge. The question to be determined in this case is: When were the bankruptcy proceedings commenced within the meaning of the law? The petitioner claims that the proceedings were not commenced until January 7th, and the assignee contends that they were commenced on December 10th. He insists that the depositions or proofs to the act of bankruptcy, and to the petitioning creditor's claim, need not be filed with the petition, or previous to the issuing of the order to show cause, and that filing the petition and issuing the order of December 10th was a commencement of bankruptcy proceedings. I do not think this position can be maintained. Section 38 of the bankrupt act provides: "That the filing of a petition for adjudication in bankruptcy * * * by any creditor against a debtor, upon which an order may be issued by the court, * * * shall be deemed and taken to be the commencement of proceedings in bankruptcy under this act." It is not the filing of every petition that

is deemed a commencement of proceedings, but the filing of a petition upon which an order of adjudication may be made by the court. Can it in reason be claimed that a bare petition, unsupported by any proof of the act of bankruptcy, or of the creditor's claim, would be sufficient to base an adjudication of bankruptcy upon? I cannot see that section 38 sustains the claim of the respondent; but, on the contrary, a fair construction of that section would require the petition to be supported by such proof as would authorize the court to issue an order of bankruptcy, if no appearance was made by the debtor. Section 10 requires the justices of the supreme court to frame general orders; among other things, "for regulating the practice and procedure of the district courts in bankruptcy, and the several forms of petitions, orders, and other proceedings to be used in said courts in all matters under this act." The forms prescribed by the supreme court, then, under this section become an essential part of the law, and tend to throw some light upon this question. The order to show cause reads as follows: "Upon filing proofs sustaining the allegations of the petition aforesaid, it is ordered, that the said defendant do appear at this court," etc. By this order the debtor is notified that the allegations in the petition, a copy of which is served on him, have been sustained by proofs filed; and he is ordered to appear and show cause why he should not be adjudged a bankrupt. Again, at the head of forms 55 and 56 appear these words: "To be filed with creditor's petition." Upon the return of the order and on the hearing of the case, it seems from section 41 that the burden of proof rests on the respondent to show that the facts set forth in the petition are not true. This is rather a novel manner of trying an issue at law, and the debtor certainly should have an opportunity to know the case he is called on to meet, and the proofs offered in support thereof; and this he is entitled to know without delay, so he may be prepared with his evidence. In other words, a prima facie case should be made by the proper proofs before the debtor can legally be required to appear and show cause. In re Leonard [Case No. 8,255], Treat, J., says: "If there is not proof sufficient to make it appear that the acts of bankruptcy charged have been committed, no order on the defendant to show cause can be granted, and the petition falls." In re Price [Id. 11,411], Longyear, J., says: "It must be proved by legal evidence that such grounds exist; in other words, that the facts set forth in the petition are true before a debtor can be brought into court to show cause against the same, or be in any manner disturbed in his affairs by reason of the filing of the petition." It might further be remarked in this connection, that there is no record or evidence in this case showing that the court (Judge Delahay) authorized the order of December 10th to be issued.

In my opinion these objections go to the jurisdiction of the court, and that the proceedings of the 10th of December were illegal and the order to show cause was void and of no effect; and no bankruptcy proceedings within the meaning of the law were pending prior to January 7th, 1874. It results that this judgment is a prior lien on the real estate set forth in the petition, and the order of sale must be made as prayed for.